UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JUDY C. MCNEIL | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-09 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

**MEMORANDUM OPINION**

The plaintiff Judy McNeil has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. McNeil was born in 1951 and was 53 years old at the time of her administrative hearing. [Tr. 36, 397]. She completed high school and has relevant past work experience as a timekeeper, payroll coordinator, and receptionist. [Tr. 16]. Ms. McNeil alleges she is disabled as of January 31, 2003, from coronary artery disease, diabetes, sleep apnea, low back pain, liver damage, congestive heart failure, and anxiety. [Tr. 17]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. McNeil was not

disabled as defined by the Social Security Act. [Tr. 20].

At Ms. McNeil's administrative hearing held on August 5, 2004, the testimony of Ms. McNeil and vocational expert Donna Bardsley was received into evidence. [Tr. 397-413]. Ms. McNeil testified she last worked as a payroll clerk at a factory until January 2003. [Tr. 397-98]. She resigned because she could no longer perform her job efficiently. [Tr. 398]. The stress of the job caused her to have chest pain and experience fatigue. [*Id.*]. Ms. McNeil has had six stents placed in her heart to control her chest pain. [Tr. 399]. She was also recently diagnosed with diabetes and experiences burning and pain in her feet and toes. [Tr. 401]. Ms. McNeil also experiences problems with sleep apnea, medication side effects, a hernia, and depression. [Tr. 401-04].

Vocational expert Donna Bardsley testified next. [Tr. 410-13]. She classified Ms. McNeil's past relevant work as a timekeeper as sedentary and semi-skilled, her work as a payroll coordinator as sedentary and skilled, and her work as a receptionist as sedentary and skilled. [Tr. 410]. The ALJ then asked her to assume a person of Ms. McNeil's age, education, and work background who was restricted to light exertion and low stress jobs and could not perform work that would exposure her to dust, fumes, chemicals, and temperature extremes. [Tr. 410-11]. According to the vocational expert, such a person could work as a cashier, sales clerk, information

clerk, order clerk, and ticket seller, for example. [Tr. 411]. If such a person had the same characteristics but was limited to sedentary work, she could work as a cashier, information clerk, order clerk, hand packager, and sorter. [Tr. 411-12]. If Ms. McNeil's testimony that she had to lie down frequently during the day was deemed accurate and credible and applied to such a hypothetical person, that person could not work. [Tr. 412].

The ALJ ruled that Ms. McNeil was not disabled because her severe impairments of coronary artery disease, mental impairments, and obesity were not severe enough to warrant a finding of disability. [Tr. 20]. The ALJ then found Ms. McNeil retained the residual functional capacity [RFC] to perform light work (lifting 20 pounds occasionally and 10 pounds frequently) in a low stress environment that did not involve working in temperature or humidity extremes or in a poor air environment. [Tr. 21]. With those limitations, Ms. McNeil could perform work that exists in significant numbers in the national economy. [Tr. 23].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not

subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. McNeil requests a judgment on the pleadings and challenges the ALJ's hypothetical question to the vocational expert, stating it did not accurately represent Ms. McNeil's individual impairments. Specifically, Ms. McNeil argues the hypothetical question did not adequately describe her ability to maintain attention, persistence, or pace. Ms. McNeil claims Frank Kuestar, Ph.D., found she was moderately limited in those abilities. [Tr. 316-17]. This is, unfortunately, a misreading of the medical record. Pages 316 and 317 of the medical record contain evidence of Dr. Kuestar's initial impressions of Ms. McNeil. The actual determination of her RFC did not occur until page 318 where he concluded that she would be able to sustain persistence and pace over a sustained period of time for simple tasks and would even be able to perform detailed tasks occasionally with some difficulty. [Tr. 318]. Therefore, the ALJ did not err in failing to ask the vocational expert how someone with moderate limitations in her ability to maintain attention, persistence, or pace would fare in a certain job.

4

Ms. McNeil also claims the vocational expert's testimony did not comply with the requirements of Social Security Ruling 00-4p. Ruling 00-4p requires the ALJ to ask the vocational expert if her testimony about what jobs a claimant can perform is consistent with the information provided by the *Dictionary of Occupational Titles*. In Ms. McNeil's case, the vocational expert was not asked by the ALJ to confirm that consistency. Two of the jobs the vocational expert recommended (information clerk and order clerk) are not categorized as low stress or simple via their specific vocational preparation score. This error, however, was harmless because the vocational expert identified several other positions amounting to more than 2,775,000 in the national economy that would be low stress or simple. [Tr. 411].

After careful consideration of the entire record of proceedings related to this case, Ms. McNeil's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

    ENTER:

    s/Thomas Gray Hull
    THOMAS GRAY HULL
      SENIOR U. S. DISTRICT JUDGE

5

Case 2:05-cv-00009   Document 14   Filed 01/23/06   Page 5 of 5   PageID #: 5